**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| JAMES DONALD BRAMLETT, JR., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | CIVIL No: 4:12-CV-0322-CDL-MSH |
| DR. BASSEY, et. al., | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants | : | BEFORE THE U. S. MAGISTRATE JUDGE |
| _____ | | |

**ORDER & RECOMMENDATION**

Plaintiff James Donald Bramlett, Jr., a prisoner currently confined at the Muscogee County Detention Facility in Columbus, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the district court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). Having now done so, the undersigned finds that it would be premature to dismiss Plaintiff's Eighth Amendment claims against Doctor Bassey at this stage. Plaintiff will also be permitted to go forward with his Eighth Amendment claim against Sheriff John Darr, but only to the extent Plaintiff seeks prospective injunctive relief. It is **RECOMMENDED**, however, that all other claims and Defendant Charles Shafer be **DISMISSED** from this action pursuant to 28 U.S.C. § 1915A(b)(1).

**STANDARD OF REVIEW**

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Nonetheless, a district court is still required to dismiss a prisoner complaint after the initial review if the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint "fails to state a claim" when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) ("factual allegations must be enough to raise a right to relief above the speculative level."). In other words, the complaint must contain something more than "a statement of facts that

merely creates a suspicion [of] a legally cognizable right of action." *Id.*

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because factual allegations were insufficient to support alleged constitutional violation); *see also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not meet standard in § 1915A "shall" be dismissed).

## ANALYSIS OF CLAIMS

The present Complaint alleges that a prison physician, Defendant Dr. Bassey, is and has been deliberately indifferent to Plaintiff's serious medical needs by refusing to treat Plaintiff's heart condition. Dr. Bassey's alleged conduct apparently resulted in Plaintiff suffering a heart attack less than three weeks after he first informed Dr. Bassey of his need for medication and treatment. Plaintiff was hospitalized on October 29, 2012, and underwent surgery the next day to correct a "99% blockage on the right side of [his] heart" and an "89% blockage on the left side of [his] heart." (Compl. 7.)

The Complaint further alleges that Plaintiff's post-surgery conditions of confinement are hazardous to his health. Plaintiff complains that his food is served in an unsanitary and unappetizing condition; that he has not been provided sufficient nutrition;

and that his "dorm" is overcrowded and poses health and safety hazards to an inmate in his health condition.  According to the Complaint, Plaintiff has now acquired a staph infection and may be at risk of further serious health complications because he has been required to live in these conditions and Dr. Bassey has refused to follow the safety precautions recommended by Plaintiff's heart surgeons.  (*Id*. at 9.)

Prior to his heart attack, Plaintiff allegedly sent indirect pleas for help to Sheriff John Darr and Captain Charles Shafer by making his complaints known to "the pill call officer."  Plaintiff further claims that these officials also impeded his "access to the courts," as the standard "§ 1983 complaint form" was not available on the "law desk . . . kiosk" and Defendants failed to respond to his requests for assistance.  (*Id.* at 8.)

Accepting these allegations true, the undersigned cannot find that Plaintiff's Eighth Amendment claims against Defendant Dr. Bassey are frivolous.  The allegations, if proven, may in fact support a claim for relief under § 1983.  Plaintiff's claims against Defendant Bassey shall thus go forward for further factual development.

Plaintiff's Complaint, however, does not include allegations directly connecting Defendants Sheriff Darr and Captain Shafer to any of the alleged constitutional violations. There is also no suggestion that either defendant "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would."  *Gross v. White*, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).  Plaintiff has thus failed to allege any of the prerequisites for imposing supervisory liability on the part of these

4

Defendants.

Moreover, even if Defendants Darr and Shafer had been made aware of Plaintiff's complaints, the failure to respond to a prisoner's letter or grievance is not a sufficient basis for imposing liability under § 1983.  *See Larson v. Meek*, 240 F. App'x. 777, 780 (10th Cir. 2007) ("denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations"); *Baker v. Rexroad*, 159 F. App'x. 61, 62 (11th Cir. 2005) (per curium).  Prison administrators are also not deliberately indifferent "simply because they fail[] to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor."  *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).  "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."  *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (discussing *Durmer*, 991 F.2d at 69).

Plaintiff's allegations likewise fail to state a First Amendment claim.  Again, Plaintiff's allegations fail to demonstrate how Defendants are responsible for Plaintiff's inability to obtain a § 1983 complaint form.  Regardless, a prisoner has no "abstract, freestanding right" to legal assistance or materials while incarcerated.  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  To state a cognizable claim of denial of access to the courts, Plaintiff must first show that he suffered an actual injury—i.e., "demonstrate that the alleged [inadequacies] . . . hindered his efforts to pursue a legal claim."  *Id*. at 349-51.  Plaintiff has not alleged that he suffered any injury as a result of his prior inability to obtain a § 1983 complaint form.

For these reasons, it is **RECOMMENDED** that Plaintiff's claims against Captain

Shafer and any claims for damages against Sheriff Darr be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1).  However, Plaintiff's claim for prospective injunctive relief will be permitted to go forward against Sheriff Darr.  The Complaint alleges that Plaintiff is currently in need of medical treatment for his heart condition and that, in light of Plaintiff's serious medical needs, his present conditions of confinement threaten his health.  Based on this, the undersigned finds that it would premature to dismiss Plaintiff's claim for injunctive relief, and because Sheriff Darr would likely have the authority to provide this relief, he will be served for this claim.

Therefore, it shall be **ORDERED** that service be made on both Defendants Dr. Bassey and Sheriff Darr and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.  *See* 28 U.S.C. § 636(b)(1).

## ORDER FOR SERVICE

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.

Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under

Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

As previously ordered, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if she has the ability to make monthly payments and fails to do so.

SO ORDERED and RECOMMENDED this 12th day of December, 2012.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE