IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JAMES DONALD BRAMLETT, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 4:12-CV-0322-CDL-MSH |
| | : | 42 U.S.C. § 1983 |
| DR. BASSEY, et. al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court are Defendant Darr's Motion to Dismiss (ECF No. 26), Defendant Bassey's Motion for Summary Judgment (ECF No. 28), and Plaintiff's motion for appointment of counsel (ECF No. 24). Plaintiff has not responded to either of Defendants' motions. For the reasons explained below, Defendants' motions should be granted and Plaintiff's motion should be denied as moot.

## BACKGROUND

After preliminary review, the only claims remaining in this action are Plaintiff's Fourteenth Amendment[1] claims against Defendant Bassey for deliberate indifference to Plaintiff's serious medical needs. Specifically, Plaintiff claims that while at Muscogee County Jail ("MCJ"), Dr. Bassey refused to treat Plaintiff's heart condition which led to

---

[1] Although originally framed as an Eighth Amendment claim, Plaintiff's claim for deliberate indifference actually falls under the Fourteenth Amendment Due Process Clause because Plaintiff was a pretrial detainee. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 & n.1 (11th Cir. 2013). "[T]he standards under the Fourteenth Amendment are identical to those under the Eighth." *Id.* at n.1 (internal quotation marks and citation omitted).

Plaintiff having a heart attack and surgery for severe heart blockages. (Compl. 7.) Plaintiff further claims that his current conditions of confinement pose a serious risk to his health in light of his heart condition and that Dr. Bassey has refused to follow the recommendations of Plaintiff's heart surgeons. (*Id.* at 9.) Plaintiff also sought prospective injunctive relief against Sheriff Darr for proper medical treatment for his heart condition and improved prison conditions. Sheriff Darr seeks dismissal of Plaintiff's claims because Plaintiff is no longer confined at Muscogee County Jail. Dr. Bassey seeks summary judgment on the merits of Plaintiff's Fourteenth Amendment claims.

## DISCUSSION

### I.     Motion to Dismiss

Sheriff Darr moves to dismiss the claims against him for mootness because Plaintiff is no longer incarcerated at Muscogee County Jail. "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336. "The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." *McKinnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984). Because the Court can no longer give the Plaintiff the relief he seeks, the case is moot and "dismissal is required because mootness is jurisdictional." *Al*

*Najjar*, 273 F.3d at 1336.  Sheriff Darr's motion to dismiss should therefore be granted.

## II.     Motion for Summary Judgment

### A.     Standard of Review

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

### B.     Deliberate Indifference

Plaintiff claims that Dr. Bassey was deliberately indifferent to his severe medical needs in violation of the Fourteenth Amendment.  To support this claim, Plaintiff states that Dr. Bassey, despite knowing of Plaintiff's heard condition, failed to get his medical records from his heart doctor, Dr. Patel, failed to provide Plaintiff with his appropriate medications, failed to ensure that Plaintiff had his scheduled heart surgery on October 26, 2012, and failed to allow Plaintiff to keep other medically necessary appointments with Dr. Patel. (Compl. 4, 6.)  Plaintiff further avers that Dr. Bassey never properly examined him, never listened to his chest, and failed to provide him with pain medication for his heart condition.  (*Id.* at 4, 6-8.)  Plaintiff states that because of this deliberate

3

indifference, he had a heart attack and had to have emergency surgery on his heart on October 29 and October 30, 2012.  (Compl. 8.)

In response, Dr. Bassey has presented evidence that shows that Plaintiff was seen numerous times between October 11 and December 19, 2012.[2]  (*See generally* Bassey Aff. & Ex. A, Apr. 29, 2013, ECF No. 29.)  Specifically, Plaintiff reported to medical staff during intake that he had previously scheduled appointments with Dr. Patel for a cardiac catheterization for October 23 and October 26, 2012.  (Bassey Aff. ¶ 5, Ex. A at 25.)  Pursuant to Muscogee County Jail policy concerning security, these appointments were changed to dates the Plaintiff did not know—October 31, 2012.  (Bassey Aff. ¶¶ 5, 10.)  Dr. Bassey did not establish this MCJ policy and has no control over this policy.  (Bassey Aff. ¶ 5.)  However, pursuant to MCJ policy, "if a medical provider believes, in his professional judgment, that an inmate requires immediate care, the provider is authorized to send the inmate to the hospital for further evaluation and work up."  (*Id.*)  Dr. Bassey and his staff did this twice for Plaintiff between his intake on October 11 and his heart surgery on October 31.[3]

On October 12, Plaintiff presented to Nurse Petty with chest pain, "shortness of breath, nausea, dull pressure, and substernal pain radiating to the left axialla."  (Bassey Aff. ¶ 7.)  Plaintiff was treated by Nurse Petty with medications and was sent to The

---

[2] Plaintiff was incarcerated at Muscogee County Jail from October 11 to December 19, 2012. (Bassey Aff. ¶ 3.)

[3] Between Plaintiff's intake and surgery on October 31, MCJ acquired Plaintiff's medical records and provided Plaintiff with multiple medications for his heart condition, anxiety, and pain. (Bassey Aff. ¶¶ 6-10.)  Additionally, on October 25, 2012, Plaintiff was evaluated by Dr. Bassey. (Bassey Aff. ¶ 10.)

Medical Center emergency room to make sure Plaintiff was not suffering a heart attack. (*Id.*)  The Medical Center determined that Plaintiff had not had a heart attack and discharged him that same day.  (*Id.* ¶ 8.)  On October 29, 2012, Plaintiff again saw Nurse Petty with complaints of chest pain and shortness of breath.  (Bassey Aff. ¶ 11.)  Nurse Petty treated Plaintiff and sent him to The Medical Center to ensure that he was not having a heart attack.  (*Id.*)  The Medical Center admitted Plaintiff to rule out acute coronary syndrome and determined that Plaintiff had not had a heart attack.  (*Id.* ¶ 12.)  The Medical Center also ruled out acute coronary syndrome.  (*Id.* ¶ 13.)  On October 31, 2012, Dr. Patel performed Plaintiff's scheduled cardiac catheterization, merely five days from the original surgery date.  (*Id.* ¶ 14.)  Plaintiff was additionally sent to St. Francis hospital for right coronary artery stenting which was performed by a different doctor on November 1.  (*Id.*)  Plaintiff was discharged back to MCJ on November 3, with specific discharge instructions and medications which were provided to Plaintiff by Dr. Bassey. (*Id.*)

Although Plaintiff has not made specific allegations regarding the time period after his initial surgeries, Dr. Bassey also presents evidence that shows that Plaintiff was seen and treated, including being provided heart and pain medications, by Dr. Bassey or his medical staff on November 10, November 12, November 15, December 1, and December 7.  (Bassey Aff. ¶¶ 15-20.)  Nurse Petty sent Plaintiff to The Medical Center to again rule out a heart attack on December 7 after he reported another episode of chest pain.  (Bassey Aff. ¶ 20.)  On December 10, 2012, Plaintiff received a "left heart catheterization, cardiac fluoroscopy, left ventriculogram, and a coronary arteriography."

5

(*Id.* ¶ 21.)  Plaintiff was discharged to MCJ on December 12 and was evaluated on that same day by Nurse Petty.  (*Id.* ¶ 22.)  Nurse Petty ordered that Plaintiff continue on his medications as prescribed by The Medical Center.  (*Id.*)  Petty saw Plaintiff again on December 14 as a follow up.  (*Id.* ¶ 23.)  Plaintiff was released from MCJ on December 19, 2012.  (*Id.*)  As noted by Dr. Bassey:

> In sum, from October 11 until December 19, 2012, [Plaintiff] received three hospitalizations, two cardiac catheterizations, a PCI, an EKG, x-rays, multiple visits with Dr. Bassey and Petty, and more than ten different medications, four of which specifically address pain.

(Def.'s Br. in Supp. of Mot. for Summ. J. 17, ECF No. 28-1.)  Plaintiff has not responded to Defendant's motion for summary judgment or presented any evidence to contradict Dr. Bassey's Affidavit and supporting medical records.

In order to establish deliberate indifference, Plaintiff must show three things: (1) a serious medical need, (2) deliberate indifference to that serious medical need, and (3) causation.  *Goebert. v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007).  It is not disputed that Plaintiff has a serious medical need.  *See, e.g., Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008) (explaining that serious medical need is "one that is diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the need for medical treatment").  To establish deliberate indifference to that serious medical need, "Plaintiff must show that a Defendant had (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence."  *Id.* (alteration in original) (internal quotation marks and citation omitted).  "Deliberate indifference may result not only from failure to provide medical

6

care at all, but also from excessive delay[.]" *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1317 (11th Cir. 2010).

Here, it is clear that Defendant Bassey was not deliberately indifferent to Plaintiff's medical needs. There is no evidence in the record that Plaintiff was not promptly treated for his medical needs or that Dr. Bassey ever disregarded a risk of serious harm to Plaintiff. To the contrary, Plaintiff was promptly treated and provided medications for his complaints. Plaintiff's initial heart surgery was delayed by four days, but this was the result of a MCJ policy, not Dr. Bassey's medical decision. Furthermore, during the time that Plaintiff's surgery was delayed, Plaintiff was sent to the hospital to receive additional treatment and to rule out a heart attack. Plaintiff also received multiple medications and consultations with Dr. Bassey, his staff, and outside medical providers. The medical treatment Plaintiff received fails to support a conclusion of deliberate indifference by Defendant Bassey. Thus, Defendant Bassey's motion for summary judgment should be granted on Plaintiff's Fourteenth Amendment claims of deliberate indifference.

## CONCLUSION

For the reasons explained above, Defendant Darr's motion to dismiss and Defendant Bassey's motion for summary judgment should be granted. Plaintiff's motion to appoint should consequently be denied as moot. WHEREFORE, IT IS HEREBY RECOMMENDED that Defendant Darr's Motion to Dismiss (ECF Nos. 20, 26) and Defendant Bassey's Motion for Summary Judgment (ECF No. 28) be GRANTED. Plaintiff's Motion to Appoint (ECF No. 24) should be DENIED as moot. Under 28

U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 26th day of August, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE
